UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ADAM DUANNE COLVIN and DONALD GUY PARRIS, ) ) ) | |
| *Plaintiff*s, ) | No. 1:07-cv-146 |
| v. ) | *Chief Judge Curtis L. Collier* |
| ) | |
| SGT. ANTHONY LYNN and BOBBY CREAL,) ) | |
| *Defendants*. ) | |

## MEMORANDUM

Plaintiffs Adam Duanne Colvin ("Colvin") and Donald Guy Parris ("Parris") are inmates at the Bradley County Justice Center in Cleveland, Tennessee. Plaintiffs originally filed this action in the Middle District of Tennessee, Nashville Division. Plaintiffs' claims arose from and involve matters solely related to their confinement at the Bradley County Justice Center. The Middle District transferred the case to this Court because this prison is located in Bradley County which lies within the Eastern District of Tennessee. Plaintiffs were assessed the $350.00 filing fee by the Middle District Court.

Plaintiffs contend another inmate, Bobby Creal ("Creal"), threatened them with bodily harm if they did not give up there trustee position to him. Plaintiffs' grievance to Sgt. Lynn ("Lynn") was ignored. Plaintiffs seek to have "charges brought on" the defendants. (Court File No. 1-2)

For the reasons discussed below, Plaintiffs' complaint (Court File No. 1-2) will be **DISMISSED**.

### I. Standard of Review

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113

(1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (*In re* DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted). Additionally, the Court screens the complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A.

    **B.**    **Screening Pursuant to 28 U.S.C. §§ 1915(e) and 1915A**

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim

upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). See *In re Tyler*, 110 F.3d [528,] 529-30 [8th Cir. 1997]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**II.    Facts**

The Court reviews the record in the light most favorable to Plaintiffs and assumes the allegations are factually correct. Plaintiffs make the following claim:

> On 4-22-07 Inmate Bobby Creal threatened me by saying that if I did not give up my trustee position to him that he was going to drag me into my cell and F[_ _ _] me and he said that he would get away with it because his uncle was a captian [sic] in this Jail[.] Once my cellmate Donald Parris witnessed the incident and after I wrote a grievance to Sgt. Lynn nothing was done to separate this inmate from me.

[Court File No. 1-2, at 5].

Although Plaintiffs Colvin and Parris signed the complaint as plaintiffs, it appears that

Colvin is actually the plaintiff and Parris is the witness. Nevertheless, neither party is entitled to any relief under 42 U.S.C. § 1983.

## III. Analysis

### A. 42 U.S.C. § 1983

To state a viable § 1983 claim, a plaintiff must allege he (1) was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To state a § 1983 claim, Plaintiffs must allege sufficient facts that, if true, would establish the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### B. Identity of Defendants

Plaintiffs bring this § 1983 action against Lynn, a Sergeant with the Bradley County Justice Center and a fellow inmate. The Court will address these defendants separately.

#### 1. Sergeant Lynn

Plaintiffs challenge Lynn's failure to respond to their grievance wherein they claimed another inmate threatened to rape them. The complaint reflects Lynn is being sued only in his official capacity (Court File No. 1-2, at 4). A claim against this defendant in his official capacity is treated as being an action against Bradley County. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because Lynn has been sued only in his official capacity as Sergeant of the Bradley County Justice Center, the Court proceeds as if Plaintiffs have in fact sued Bradley County, Tennessee. Therefore, in order to prevail Plaintiffs must

4

demonstrate that the alleged violation of their constitutional rights resulted from acts representing official policy or custom adopted by Bradley County, Tennessee. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Bradley County, Tennessee--caused harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiffs must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiffs have failed to do. *See Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiffs do not allege that the violation of their rights resulted from any policy or custom on the part of the Bradley County. Accordingly, defendant Lynn is entitled to judgment as a matter of law.

### 2. *Inmate Bobby Creal*

Plaintiff file this civil rights action against inmate Creal for allegedly threatening to rape them. This defendant has not been identified as a state actor. A defendant must be a state actor before they are subject to liability under Section 1983 which requires that a plaintiff must allege he was deprived of a right secured by the United States Constitution or laws of the United States by a person acting under color of state law. Therefore, § 1983 applies to acts of the states, not to acts of private parties.

However, if a private party's action is fairly attributable to the state then such action will

constitute state action for § 1983 purposes. *See Tahfs v. Proctor*, 316 F.3d 584, 590-91 (6th Cir. 2003). To demonstrate a private party's action is action under color of state law for purposes of § 1983, it must be shown that a party is a willful participant in joint action with the State or its agents and the private party jointly engaged with state officials in the challenged action. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Nevertheless, such is not the case before this Court as Plaintiffs do not claim Defendant Creal was acting under color of state law or that he jointly engaged with state officials in unconstitutional conduct. Indeed, the complaint reflects they are only suing him in his individual capacity. Consequently, since a plaintiff may not sue private parties under § 1983, Creal, a non-governmental defendant, is not a suable person or entity in this § 1983 action, and he is entitled to judgment as a matter of law.

Even assuming Plaintiffs are claiming Defendant Creal was acting under color of state law since he claimed his uncle who is a Captain at the prison would protect him if he raped them, as explained below, they have failed to state a claim as this threat did not rise to the level of a constitutional violation.

### C. Threatened Harm

Plaintiffs contend that Defendant Creal, an inmate, threatened to rape them if they did not relinquish their trustee positions to him. While Defendant Creal's alleged conduct is despicable and to be condemned, the allegation of threats made by Defendant Creal does not state a § 1983 claim. While a fellow inmate's threat to commit a forced sex act on an inmate is repugnant, such is not *per se* unconstitutional because the plaintiff has no protectable right not to have threats made against him. *See Williams v. Gobles*, 211 F.3d 1271 (6th Cir. 2000) (unpublished table decision), available in 2000 WL 571936, at *1 (neither verbal harassment nor threats constitute punishment within the

context of the Eighth Amendment); *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989) (federal right must be actually denied, not merely threatened). *See also Wilson v. Ivey*, 832 F.2d 950, 954-55 (6th Cir. 1987) (explaining that verbal abuse is not cognizable under § 1983). Although the Court finds Defendant Creal's threat highly offensive, "ungentlemanly conduct does not a constitutional violation make." *Burris v. Mahaney*, 716 F.Supp. 1051, 1056 (M.D. Tenn. 1989). Likewise, it does not create a liability for damages under 42 U.S.C. § 1983. Consequently, Plaintiffs complaint does not state a cause of action of constitutional dimension cognizable in federal court because they have failed to allege a violation of a constitutionally protected right. Therefore, these claims lack an arguable basis in law and are frivolous within the meaning of 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, absent any allegation of a constitutional violation, Plaintiffs have failed to state a claim under § 1983. Thus Plaintiffs' complaint will be **DISMISSED** *sua sponte* as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e) & 1915A.

An order will enter.

    **/s/**                                        
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**